RUCHEL BLUMENFELD,

    Plaintiff,        MEMORANDUM
                  AND ORDER
                  15-CV-4578 (JG)

  -against-

ADVANCED CALL CENTER TECHNOLOGIES, LLC,

    Defendant.
----------------------------------------------------------------x

A P P E A R A N C E S :

  ABRAMS GARFINKEL MARGOLIS BERGSON, LLP
    1430 Broadway, 17th Floor
    New York, NY 10018
  By: Barry G. Margolis
    *Attorneys for Defendant*

  RC Law Group PLLC
    285 Passaic Street
    Hackensack, NJ 07601
  By: Daniel Kohn
    *Attorneys for Plaintiff*

JOHN GLEESON, United States District Judge:

    Plaintiff Ruchel Blumenfeld filed this action against Defendant Advanced Call Center Technologies, LLC ("ACCT"), alleging that it violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Blumenfeld claims that ACCT engaged in debt-collection efforts that employed deceptive language making it appear that ACCT and GE Capital Retail Bank ("GE Capital") were acting as both creditor and debt collector, in violation of FDCPA. ACCT moves to dismiss the case, asserting that the complaint fails to state a claim for a FDCPA violation. ACCT also seeks an award of attorneys' fees, pursuant to 15 U.S.C.

§ 1692k(a)(3). For the reasons stated below, ACCT's motion to dismiss is granted, and Blumenfeld is ordered to show cause as to why the award of attorneys' fees and costs should not be granted.

BACKGROUND

I take the following facts from Blumenfeld's original complaint filed in state court.[1] The Court assumes these facts to be true for the purposes of deciding this motion, construing them in the light most favorable to Blumenfeld. In addition, the Court takes judicial notice of the letter ACCT sent to Blumenfeld in connection with the outstanding debt.[2] *See* ECF No. 5, Ex. B.

Blumenfeld is a resident of Brooklyn, New York, and ACCT is a "debt collector" as defined under 15 U.S.C. § 1692a(6). Compl. at ¶¶ 3-4. At some point, ACCT began "collection activities" against Blumenfeld on an alleged consumer debt. *Id.* at ¶ 8. Blumenfeld incurred this debt as a financial obligation that was primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1692a(5). *Id.* at ¶ 9. During the past year, Blumenfeld received multiple collection letters from ACCT, and she alleges that the letters "were deceptive in that it was made to appear that the Defendant and GE Capital were acting as both the creditor and debt collector." *Id.* at ¶ 10. Blumenfeld argues that the letters were confusing because they

---

[1] ACCT removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, *see* ECF No. 1. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

[2] In considering a motion to dismiss, a court may take judicial notice of documents attached to, integral to, or referred to in the complaint, as well as documents filed in other courts and other public records. *See, e.g., Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006); *Subaru Distribs. Corp. v. Subaru of Am., Inc.,* 425 F.3d 119, 122 (2d Cir. 2005). Here, Blumenfeld's complaint relies on the terms and effect of the ACCT letter and her counsel consents to the Court's consideration of this document, *see* Oral Argument 10/15/2015; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

made references to both GE Capital and ACCT, *id.* at ¶ 11, creating the perception that ACCT was involved in the debt collection, even though ACCT was, in fact, "only acting as nothing more than a mail service for GE [Capital]," *Id.* at ¶ 12. As a result of these letters, Blumenfeld asserts that she has been "damaged." *Id.* at ¶ 3. Blumenfeld commenced this action on June 19, 2015, alleging that ACCT's debt collection efforts violated "various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1)."

## DISCUSSION

A.  *Legal Standard for Motion to Dismiss*

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Nonetheless, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This pleading standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

3

short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

B.  *ACCT's Motion to Dismiss Blumenfeld's FDCPA Claims Against It*

ACCT moves to dismiss the complaint, asserting that Blumenfeld has failed to adequately plead a plausible claim for relief under FDCPA. Although Blumenfeld alleges that ACCT violated several FDCPA provisions, her complaint seems to rest on a generalized grievance that ACCT employed false, deceptive, or misleading representations in its efforts to collect on her debt. *See* Compl. ¶¶ 10, 12, 13, 15; Pl. Opp. 5-8.

FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors" and to establish "certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (internal quotation marks omitted). "These purposes inform the FDCPA's many provisions." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008). FDCPA bars the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and proscribes "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. The statute also gives "the consumer the right to dispute a debt claimed by a debt collector, and to seek verification of the validity of the debt." *Jacobson*, 516 F.3d at 89 (citing 15 U.S.C. § 1692g).

The legislative history of FDCPA illustrates the kinds of abuse it was meant to eliminate, *see* S. Rep. No. 95-382, at 2 (1977), and the statute itself sets forth a non-exclusive list of particular practices that debt collectors are forbidden to employ, *see* 15 U.S.C. § 1692e. "[T]he question of whether a communication complies with [] FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson*, 516 F.3d at 90 (quoting *Clomon v.*

4

*Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319). FDCPA's protections, however, do "'not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Id.* at 234 (quoting *Clomon*, 988 F.2d at 1319). Accordingly, "because the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law" that the Court may resolve on a motion to dismiss. *Quinteros v. MBI Assoc., Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting C*astro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)).

        First, Blumenfeld fails to allege any facts in her complaint that support a plausible claim for relief under FDCPA. A plaintiff must "clearly identify the actions taken by those individuals or entities that constituted violations of his [FDCPA] rights." *Doe v. City of New York*, 2011 WL 3876990, at *2 (E.D.N.Y. Sept. 1, 2011). Merely stating that "it was made to appear that the Defendant and GE Capital were acting as both the creditor and debt collector," Compl. at ¶ 11, or that ACCT "attempt[ed] to create the perception that the Defendant is involved in the collection but really only acting as nothing more than a mail service for GE [Capital]," *Id*. at ¶ 12, is insufficient to plausibly state a claim under federal pleading standards. *See, e.g.*, *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks omitted)).

Second, the debt collection letter ACCT sent to Blumenfeld comports with FDCPA requirements, *see* 15 U.S.C. § 1692g(a)(2), including the amount of the debt, the name of the creditor, and certain mandated disclosure statements. *See* ECF No. 5, Ex. B. In fact, the letter mentions "GE Capital" only once, and it clearly specifies the fact that GE Capital's new name is "Synchrony Bank." *Id.* ("If the Amount Currently Due is paid to Synchrony Bank, formerly known as GE Capital Retail Bank . . . ."). Moreover, the letter conspicuously identifies Synchrony Bank as the creditor of Blumenfeld's debt, a fact reiterated three times. *Id.* Thus, the least sophisticated consumer would have known, after reading the entirety of the debt collection letter, that ACCT sought to collect a debt on behalf of Synchrony Bank and that Synchrony Bank was the current creditor to whom she owed her debt. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) ("The hypothetical least sophisticated consumer does not have 'the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer,' but is neither irrational nor a dolt . . . . [T]his Court has been careful not to conflate lack of sophistication with unreasonableness." (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996))).

Finally, Blumenfeld claims that ACCT "failed to clearly delineate what address should be used to dispute the debt," Pl. Opp. at 7, arguing that the letter lists two separate PO Box addresses without proper mailing instructions. This argument is meritless. The letter not only provides a clearly designated mailing address, but it also doubles as a detachable payment slip with the mailing address pre-printed in lower right hand corner, as is the customary location for addressing mail when following conventional postal procedure. *See* ECF No. 5, Ex. B.

Moreover, the letter contains ACCT's contact number, repeated three separate times, for debtors to call in the event that they have questions or concerns regarding any information contained in the letter. *Id.* Last, there is no support for an inference that that the return address printed in the upper left hand corner of the payment slip would be insufficient to serve as a correspondence address in disputing a debt. Accordingly, ACCT's motion to dismiss is granted.

C.     *ACCT's Application for Attorneys' Fees*

ACCT requests the award of attorneys' fees and costs in relation to the work expended on this case, arguing that Blumenfeld commenced this action in bad faith and for the purpose of harassment. Def. Br. at 6; Reply Br. at 3. Blumenfeld has not addressed this issue.

FDCPA authorizes an award of reasonable attorneys' fees and costs only upon "a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a). The fact that a defendant is entitled to judgment on the pleadings does not provide a basis for an automatic award of attorneys' fees; there must be evidence that the plaintiff both knew that her claim was meritless and pursued it with the purpose of harassing the defendant. *See Spira v. Ashwood Financial, Inc.*, 358 F. Supp. 2d 150, 161 (E.D.N.Y. 2005) (noting that defendant must meet the statutory standard of proving bad faith and harassment); *see also Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 396 (S.D.N.Y. 1999) (awarding attorneys' fees where "[p]laintiff voluntarily abandoned his FDCPA claims once in order to have the case remanded back to state court, then he voluntarily discontinued its prosecution in state court, only to bring it once again in federal court"); *Kahen-Kashani v. Nat'l Action Fin. Services, Inc.*, 2004 WL 1040384, at *7 (W.D.N.Y. Apr. 12, 2004) (denying claim for attorneys' fees where defendant "has not provided evidence of *plaintiff's* bad faith . . . and

even if this Court wished to attribute counsel's conduct to the client, defendant has not proved the second element, that the suit was instituted for the purpose of harassment").

Here, ACCT alleges that "counsel's continued refusal to provide support for [Blumenfeld's] claims" and the decision to "perpetuate this litigation" presumptively demonstrates bad faith and an intent to harass. As mentioned, Blumenfeld has not responded to that assertion. She is hereby ordered to show cause in writing on or before October 30, 2015 as to why an award of costs and fees should not be granted. Reply papers, if any, in support of the motion shall be filed on or before November 6, 2015.

## CONCLUSION

For the reasons set forth above, ACCT's motion to dismiss is granted, and its request for attorneys' fees is denied.

So ordered.


JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
      October 23, 2015