# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

Ruchel Blumenfeld,

                              Plaintiff

v.                                                            Case No.15-cv-04578(JG)(VMS)

Advanced Call Center Technologies, LLC

                              Defendant

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES

---

## <u>TABLE OF AUTHORITIES</u>

<u>Blumenfeld v. Advanced Call Ctr. Techs., LLC</u>, 2015 U.S. Dist. LEXIS 144157, *9 (E.D.N.Y. Oct. 23, 2015) …………………………………………………….……..2

<u>Hasbrouck v. Arrow Fin. Servs. LLC</u>, 2011 U.S. Dist. LEXIS 53928, *20, 2011 WL 1899250 (N.D.N.Y May 19, 2011) ……………………………………………………1

<u>Kahen-Kashani v. Nat'l Action Fin. Servs.</u>, 2004 U.S. Dist. LEXIS 28420, *22, 2004 WL 1040384 (W.D.N.Y. Apr. 12, 2004) …………………………………………….....1

<u>Kondratick v. Beneficial Consumer Disc. Co.</u>, 2006 U.S. Dist. LEXIS 4754, *28, 2006 WL 305399 (E.D. Pa. Feb. 8, 2006) …………………………….……………..……..2

<u>Moore v. Diversified Collection Servs.</u>, 2009 U.S. Dist. LEXIS 54798, *16, 2009 WL 1873654 (E.D.N.Y. June 26, 2009) ……………………………………………...…..1

<u>Puglisi v. Debt Recovery Solutions, LLC,</u> 822 F. Supp. 2d 218, 233 (E.D.N.Y. 2011) …………1

<u>Scarola Malone & Zubatov LLP v. Verizon Communs., Inc.</u>, 2015 U.S. Dist. LEXIS 82053, *22 (S.D.N.Y. June 24, 2015) …………………………………………………….2

<u>Tornheim v. Fed. Home Loan Mortg. Corp.</u>, 988 F. Supp. 279, 288 (S.D.N.Y. 1997) …………..3

## STATEMENT OF FACTS

The Plaintiff, Ruchel Blumenfeld ("Plaintiff"), respectfully submits this Memorandum of Law in opposition to Plaintiff's application for attorney's fees, pursuant to this Court's order granting Plaintiff's motion to dismiss, dated October 23, 2015, ECF No. 8 (the "Order").

Plaintiff filed this action seeking relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  By a notice of motion dated September 18, 2015, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), and for attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).  ECF No. 5.  By the Order, this Court granted the portion of Defendant's motion that sought dismissal pursuant FRCP 12(b)(6), and ordered Plaintiff to show cause as to why an award of costs and fees should not be granted.

## ARGUMENT

### I.     DEFENDANT HAS NOT SHOWN THAT PLAINTIFF BROUGHT THIS ACTION IN BAD FAITH AND FOR THE PURPOSE OF HARASSMENT

§ 1692k(a)(3) permits courts, in their discretion, to award costs and reasonable attorney's fees to a defendant if the defendant can demonstrate two elements: 1) that the plaintiff (as opposed to plaintiff's counsel) brought the action in bad faith, and 2) that the purpose of initiating the suit was harassment.  See Puglisi v. Debt Recovery Solutions, LLC, 822 F. Supp. 2d 218, 233 (E.D.N.Y. 2011); Hasbrouck v. Arrow Fin. Servs. LLC, 2011 U.S. Dist. LEXIS 53928, *20, 2011 WL 1899250 (N.D.N.Y May 19, 2011); Moore v. Diversified Collection Servs., 2009 U.S. Dist. LEXIS 54798, *16, 2009 WL 1873654 (E.D.N.Y. June 26, 2009); Kahen-Kashani v. Nat'l Action Fin. Servs., 2004 U.S. Dist. LEXIS 28420, *22, 2004 WL 1040384 (W.D.N.Y. Apr. 12, 2004).  "This provision should be construed narrowly so as not to

discourage private litigation under the FDCPA." Kondratick v. Beneficial Consumer Disc. Co., 2006 U.S. Dist. LEXIS 4754, *28, 2006 WL 305399 (E.D. Pa. Feb. 8, 2006).

As this Court noted in the Order, "[t]he fact that a defendant is entitled to judgment on the pleadings does not provide a basis for an automatic award of attorneys' fees." Blumenfeld v. Advanced Call Ctr. Techs., LLC, 2015 U.S. Dist. LEXIS 144157, *9 (E.D.N.Y. Oct. 23, 2015) see also, Scarola Malone & Zubatov LLP v. Verizon Communs., Inc., 2015 U.S. Dist. LEXIS 82053, *22 (S.D.N.Y. June 24, 2015) (stating that asserting a meritless claim is insufficient for a finding of bad faith).

Defendant has not made any showing that Plaintiff brought this action in bad faith and for the purpose of harassment. Defendant believes that both elements of Plaintiff's bad faith and harassing intent are demonstrated by the decision to oppose the motion to dismiss, Def. Br. at 6, and the "continued refusal to provide support for her claims." Reply Br. at 3. This doesn't even come close, and has considerably less merit that the Complaint that this Court dismissed.

Defendant offers no argument as to how Plaintiff's (through her counsel's) defense of the motion to dismiss in the face of the assertions of law made in the Pre-Motion Conference Request, see id., demonstrates Plaintiff's bad faith and harassing purpose in filing the complaint more than two months before the Request was written. More importantly, defending the motion shows nothing more than the belief that the Complaint could survive the motion for the reasons set forth in her brief. See generally Pl. Opp. at 5-8.

Also, Defendants assertion of "continued refusal to provide support for her claims" is simply false. The word "continued" is particularly puzzling. Plaintiff provided support for her claims in her brief. See generally Pl. Opp. at 5-8. At the motion to dismiss stage, what else is

there to do?  Plaintiff certainly did not conceal anything, and even consented to the Court's

consideration of the letter underlying the claims.  Order at 2 n.2.

Defendant did not cite to any authority to support the proposition that the conduct that it

finds so offensive clearly demonstrates that Plaintiff brought this action in bad faith and for the

purpose of harassment, nor does it appear that it could have.  Ultimately, Defendant is essentially

asking the Court to punish Plaintiff for losing.  As set forth above, failing to survive a motion to

dismiss does not demonstrate the required elements.  Defendant "has failed to demonstrate

conduct on the part of the [Plaintiff] that clearly constitutes bad faith or harassment so as to

allow an award of attorneys' fees under the FDCPA."  Tornheim v. Fed. Home Loan Mortg.

Corp., 988 F. Supp. 279, 288 (S.D.N.Y. 1997).

## CONCLUSION

As set forth above, Defendant has not demonstrated that Plaintiff brought this action in

bad faith and for the purpose of harassment.  Therefore, its application for attorneys' fees and

costs pursuant to 15 U.S.C. § 1692k(a)(3) should be denied.

Dated: October 29, 2015

RC Law Group
Attorneys for Plaintiff
By:____/s/Daniel Kohn_____
Daniel Kohn

285 Passaic Street
Hackensack, NJ 07601
Phone (201) 282-6500
Fax (201) 282-6501
Email: dkohn@rclawgroup.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2015 I served the foregoing electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Defendant, Advanced Call Center Technologies, LLC via its counsel of record –
    Mr. Barry G. Margolis, Esq.
    Abrams Garfinkel Margolis Bergson, LLP

And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.


_____/s/ Daniel Kohn_____
Daniel Kohn
RC Law Group PLLC
Attorneys for Plaintiff